**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REGIONS BANK,

Plaintiff,

v. Case No. 8:26-cv-2328-TPB-CPT

LARRY GREEN, et al.,

Defendants.
__________________________________/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte* on Defendant Larry Green's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from a mortgage foreclosure action filed on September 4, 2025, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, by Plaintiff Regions Bank. A uniform final judgment of foreclosure was entered on January 23, 2026, and on June 12, 2026, the state court issued a writ of possession.

On August 12, 2026, Defendant attempted to remove the case from state court. In the notice of removal, Defendant does not specifically explain any basis for federal jurisdiction, although he cites "the supplemental rules of Admiralty, Rule E(8)" and appears to claim that Plaintiff has "perpetuated fraud on the court" in an accompanying affidavit. As explained below, this matter does not belong in federal court.

Under 28 U.S.C. § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises

under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought a verified mortgage foreclosure action in state court pursuant to state law. Although Defendant did not include copies of the state court filings with his notice of removal, the Court has reviewed the state court docket. The complaint does not assert a cause of action under the United States Constitution or any federal statute, nor does Plaintiff's right to foreclose depend on the resolution of any substantial question of federal law. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted). As a result, this Court lacks subject matter jurisdiction.

In addition, the Eleventh Circuit has clarified that, in the context of foreclosure proceedings, if a party has exhausted its opportunities for relief in state court, "either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . removal itself may be improper." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019) (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198-99 (11th Cir. 1991)). In *Aurora*, the Eleventh Circuit found that where a defendant in a foreclosure action attempts "to remove the foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th

Cir. 2011)). Defendant's notice of removal does nothing except stymy the execution of a valid, final judgment in state court.

Because the Court lacks subject matter jurisdiction, this case is due to be remanded to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, for lack of subject matter jurisdiction.
2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE